METROPOLITAN PROPERTIES COMPANY, a Corporation, v. WILLIAM M. RIDEOUT, WILLIAM J. HOFFMAN, FRED S. KING, GUSTAV SAUTER, TERESA KOPFER, FRED SCHUEPFER, ERWIN C. BRINKMANN, CHARLES W. BRINKMANN, JR., EDWARD J. BRINKMANN and FRED MOEHLENHOF, Appellants.—142 S. W. (2d) 1055.

Division Two, September 10, 1940.*

*D. Calhoun Jones* for appellants.

*Orville W. Richardson* for respondent.

TIPTON, J.—This is an appeal from the circuit court of St. Louis County. That court set aside a foreclosure sale of a triangular tract of land in lot 79 of Carondelet Common, south of the River des Peres, located in St. Louis County, held in the year 1936 under power of sale contained in a deed of trust. The decree quieted title in

*NOTE: Opinion filed at May Term, 1940, July 3, 1940; motion to set aside dismissal of appeal filed; motion overruled at September Term, 1940, September 10, 1940.

respondent, subject to a lien of two notes for one thousand dollars each, which were secured by this deed of trust. It also set aside certain subsequent deeds of trust placed upon this real estate by the purchaser at the foreclosure sale and enjoined certain of the appellants from proceeding to erect a gasoline filling station on this property on the theory that it had previously been dedicated to cemetery purposes.

From the view we take of this case, it will be unnecessary to state the facts on the merits of the case as we think appellants' brief is insufficient to preserve anything for our review.

Appellants' assignments of error and points and authorities are as follows:

### "ASSIGNMENTS OF ERROR.

"First: The findings, judgment and decree are erroneous because the Court refused to hear all of the evidence offered by defendants on the question of the intent and the powers of the dedicators and owners of the cemetery and are inconsistent with that which was heard.

"Second: The findings, judgment and decree are erroneous in that they are based on no finding of fact which could deprive a deed of trust holder of his rights by a subsequent platting.

"Third: The Court erred in refusing to receive evidence on the attitude of plaintiff with respect to foreclosure and use of other pieces of property by it owned and in allowing the cross-examination of a witness who was permitted to state nothing more than his name and whose testimony constituted a complete departure from the pleadings."

### "POINTS AND AUTHORITIES.

#### "I.

"The findings, judgment and decree are erroneous because the Court refused to hear all of the evidence offered by defendants on the question of the intent and the powers of the dedicators and owners of the cemetery are inconsistent with that which was heard.

"1. Intention is the vital principle in construing any plat of dedication.

"Mo. Institute for Education of Blind v. How, 27 Mo. 211.

"2. A cemetery corporation may sell such portions of its lands as are not used for burial purposes so long as lot owners are not deprived of the use of or access to their lots, and the integrity of the cemetery is not interfered with.

"McDonald v. Monongahela Cemetery Co., 75 Atl. 38;

"City of Tacoma v. Tacoma Cemetery Co., 68 Pac. 723.

#### "II.

"The findings, judgment and decree are erroneous in that they are

based on no finding of fact which could deprive a deed of trust holder of his rights by a subsequent platting.

"McShane v. Moberly, 79 Mo. 41;

"Granite Bituminous Paving Co. v. McManus, 244 Mo. 184;

"Johnson v. Ferguson, 329 Mo. 363."

Our Rule 15 provides, among other things, that "the brief for appellant shall distinctly allege the errors committed by the trial court, and shall contain in addition thereto: (1) A concise statement of the grounds on which the jurisdiction of this court is invoked; (2) a fair and concise statement of the facts of the case without reiteration, statements of law, or argument; (3) a statement, in numerical order, of the points relied on, with citation of authorities thereunder, and no reference will be permitted at the argument to errors not specified; and (4) a printed argument, if desired. . . . No brief or statement which violates this rule will be considered by the court."

"In an assignment of errors the appellant should distinctly state the errors relied upon for reversal. Though separately alleged, they frequently appear as broadly expressed in a motion for a new trial. It is doubtless because of such generality of presentation that subdivision 2 (now subdivision 3) of above rule 15 further requires the appellant to particularize by furnishing 'a statement, in numerical order, of the points relied on, with citation of authorities thereunder.' We have time and again emphasized that this requirement for particularization cannot be met by mere abstract statements of law or of facts not therein shown to have direct bearing upon or connection with the errors alleged." [Aulgur v. Strodtman, 329 Mo. 738, 46 S. W. (2d) 172, l. c. 173. See also Clay v. Owen, 338 Mo. 1061, 93 S. W. (2d) 914.]

It is apparent that both the assignments of error and points and authorities are too general to serve the purpose of a statement or specification of a point relied on within the meaning of our Rule 15. Under the heading of points and authorities, appellants have merely submitted a numerical list of abstract statements of law or facts and have not shown any connection with errors alleged to have been committed by the trial court; and we do not find the defects remedied elsewhere in the brief. Such submission is clearly in violation of our rules.

Moreover, while not ruling the question, we do not believe the statement of facts found in appellants' brief complies with our rule (No. 15) requiring a fair and concise statement of the facts, because the statement of facts found in this brief does not enable this court to gain a comprehensive view of the evidence. [Fuenfgeld v. Holt, 70 S. W. (2d) 143.]

It is not the duty of this court to search the entire record in order to discover, if possible, errors committed by the trial court, but it is the duty of the appellants to distinctly point out the alleged errors

of the trial court and to show that they were prejudiced by such rulings, also where such rulings may be found in the printed abstract of the record.

The rule here invoked is promulgated not only to aid this court in dispatching its work, but also to guard against the disturbance of *nisi prius* judgments except upon a full and fair presentation of the whole record, necessary to a determination of errors properly presented.

As appellants have failed to comply with our Rule 15, it follows that under our Rule 16, the appeal should be dismissed. It is so ordered.

All concur.