This case comes to the writer on reassignment. This is an action for libel, on account of articles published in respondent's newspaper during the November, 1938, campaign in which the appellant was the Republican candidate for judge of the twenty-first judicial circuit. The jury returned a verdict for the respondent and judgment was accordingly entered thereon. From this adverse judgment, the appellant has duly appealed to this court.
From the view we take of this case, it will be unnecessary to state the facts on the merits of the case, as we think appellant's brief is insufficient to preserve anything for our review.
"Our Rule 15 provides, among other things, that `the brief for appellant shall distinctly allege the errors committed by the trial court, and shall contain in addition thereto: (1) A concise statement of the grounds on which the jurisdiction of this court is invoked; (2) a fair and concise statement of the facts of the case without reiteration, statements of law, or argument; (3) a statement, in numericial order, of the points relied on, with citation of authorities thereunder, and no reference will be permitted at the argument to errors not specified; and (4) a printed argument, if desired. . . . No brief or statement *Page 252 
which violates this rule will be considered by the court.'" Metropolitan Properties Co. v. Rideout et al., 346 Mo. 787,142 S.W.2d 1055, l.c. 1056.
The brief contains twenty-four assignments of error which are very general. The specifications may be good as assignments of error, but, standing alone, they do not comply with Rule 15, requiring a statement of the particular point relied on. Moreover, assigned error not included in points relied upon, as required by our Rule 15, will be treated as abandoned. Farasy v. Hindert, 82 S.W.2d 573.
We will not lengthen this opinion by setting forth the assignments of error, but will set forth that part of appellant's brief which has as a heading, Points and Authorities, and is as follows:
 "I.
"In an action for libel, evidence of statements, oral or written, by the defendant relative to the alleged libelous article is admissible on the question of malice in fact. Lanius v. Druggist Publishing Co., 20 Mo. App. 12, l.c. 14; Julian v. Kansas City Star, 209 Mo. 35, l.c. 84, 85.
 "II.
"In slander or libel cases, evidence of plaintiff's general reputation in respect to the trait of character impugned by the alleged slander or libel is admissible. And a plaintiff's general reputation for moral worth is in issue in every slander [622]
or libel case. Yager v. Bruce, 116 Mo. App. 473, l.c. 494 et seq.; Williamson v. Eckhoff (Mo. App.), 170 S.W. 322; 37 C.J., p. 60, Sec. 422.
 "III.
"(a) In libel or slander cases, any evidence of facts or circumstances which reasonably tend to prove actual malice is admissible. 37 C.J.; p. 77, Sec. 479; Julian v. Kansas City Star,209 Mo. 35, l.c. 84, 85; Parsons v. Henry (Mo. App.), 164 S.W. 241, l.c. 245. (b) Plaintiff is entitled to offer in evidence other articles in same newspaper relating to same general subject-matter, also to offer writings in other newspapers to which the alleged libel is a reply. Julian v. Kansas City Star,209 Mo. 35; 37 C.J., p. 71, Sec. 462, note 77. (c) Any evidence which fairly tends to prove the falsity of the published article is admissible on the part of plaintiff in libel suit, even though falsity of the article is presumed. Seested v. Publishing Co. (Mo. Sup.), 31 S.W.2d 1045, l.c. 1052, 1053; 37 C.J., p. 86, Sec. 502.
 "IV.
"(a) The plea of justification must be as broad as the charge and it, therefore, is improper for court to permit witnesses to testify as to offenses not embraced within the alleged libelous article. 37 C.J., p. 45, Sec. 379; Nelson v. Musgrave,10 Mo. 648; Meriwether v. Knapp Co., 120 Mo. App. 354; Reese v. Fife (Mo. Sup.), 279 S.W. 415, l.c. *Page 253 
426. (b) Current reports and suspicions as to forms or places of gambling in Jefferson County which were not referred to in the alleged libelous article were not admissible to prove the truth of the article, and would not have been even if the article had referred to such gambling. 37 C.J., p. 86, Sec. 503; Julian v. Kansas City Star, 209 Mo. 35.
 "V.
"(a) The instructions telling the jury that they must find for defendant if they found that the article was true `in substance,' without informing them what would fulfill that requirement, were erroneous. Atteberry v. Powell, 29 Mo. 429, l.c. 435; Christal v. Craig, 80 Mo. 367, l.c. 376; Parsons v. Henry (Mo. App.), 164 S.W. 241, l.c. 243; Yager v. Bruce, 116 Mo. App. 473, l.c. 487, 488; Sotham v. Telegram Co., 239 Mo. 606, l.c. 623; Rail v. Newspaper Assn. (Mo. App.), 192 S.W. 129, l.c. 135. (b) It was not enough for the defendant to justify a part of the charges, but it was necessary, before the plea of justification should have been submitted to the jury, for defendant to establish the truth of all the libelous article. Sotham v. Telegraph Co.,239 Mo. 606, l.c. 623; Rail v. Nat'l. Newspaper Ass'n. (Mo. App.), 192 S.W. 129, l.c. 135; Cook v. Globe Publishing Co.,227 Mo. 471, l.c. 531; Reese v. Fife (Mo. Sup.), 279 S.W. 415, l.c. 426. (c) In a libel case, when the article is libelous per se, an instruction directing a verdict for defendant if the jury finds that the defendant `was not acting maliciously' is erroneous, as in such case the absence of malice is not a complete defense but affects only the amount of damages, and the jury should be so instructed. Jones v. Murray, 167 Mo. 25; Reese v. Fife (Mo. Sup.), 279 S.W. 415, l.c. 426, 427. (d) Defendant's Instruction 6 was also erroneous because it was in direct conflict with plaintiff's instructions 3 and 4, which told the jury that malice was presumed if the charge was false and libelous, the giving of conflicting instructions being admittedly prejudicial error. State ex rel. v. Ellison (Mo. Sup.), 199 S.W. 984, l.c. 988; Seithel v. Dairy Co. (Mo. App.), 300 S.W. 280, l.c. 282; Elliott v. Richardson (Mo. Sup.), 28 S.W.2d 408, l.c. 410.
 "VI.
"It is reversible error in any case to give to the jury an instruction not supported by evidence. Franz v. Hilterbrand et al., 45 Mo. 121; Gundelach v. Compagnie Generale Transatlantique (Mo. Sup.), 41 S.W.2d 1; Lentz v. Ins. Co. (Mo. App.), 100 S.W.2d 588, l.c. 590.
 "VII.
"The Court should never submit to the jury in the instructions inconsistent theories of recovery or of defense, and all such submissions constitute reversible error. The plea of mitigation in a libel suit necessarily admits that there was a libel and that plaintiff has been damaged, and therefore it is improper and inconsistent [623] to submit to the *Page 254 
jury a plea of justification and a plea of mitigation. Seithel v. Dairy Co. (Mo. Sup.), 300 S.W. 280; Elliott v. Richardson (Mo. App.), 28 S.W.2d 408, l.c. 410; Reese v. Fife (Mo. Sup.), 279 S.W. 415, l.c. 426.
 "VIII.
"(a) It is not sufficient answer to a charge of libel to show that the publication only accuses plaintiff of having done that which he may legally do (as being `slow or slothful in dealing with gambling in Jefferson County'), and therefore Instruction 13 was erroneous. Seested v. Publishing Co. (Mo. Sup.),31 S.W.2d 1045, l.c. 1050, 1052. (b) The law presumes damage from the publication of words actionable per se, and plaintiff is not required to show actual damage in order to entitle him to substantial damages. 37 C.J., p. 115, Sec. 564; Brown v. Knapp 
Co., 213 Mo. 655, l.c. 696, 697; Perdue v. Montgomery Ward Co. (Mo. Sup.), 107 S.W.2d 12, l.c. 16.
 "IX.
"It is reversible error in any case to permit counsel to argue to the jury facts not in evidence. State ex rel. v. Patton et al. (Mo. App.), 77 S.W.2d 857; Wells v. Wells, 144 Mo. 198, l.c. 203; Jones v. Murray, 167 Mo. 25, l.c. 53.
 "X.
"(a) A newspaper is not protected in defaming the character of a candidate for office. While it is its duty to discuss the merits of a candidate, it must not publish falsehoods of a libelous character. A candidate no more surrenders his private character to the public than he does his private property. Morris v. Sailer, 154 Mo. App. 305, l.c. 311, 312; Warren v. Publishing Co. (Mo. Sup.), 78 S.W.2d 404, l.c. 413 et seq. (b) Under the statute (Section 809, R.S. Mo. 1929), mitigating circumstances are admissible in evidence to reduce the amount of damages but not to defeat the action, and no case has ever held that the court could submit to the jury the inconsistent issues of justification and mitigation. Trimble v. Foster, 87 Mo. 49, l.c. 53; Arnold v. Jewett, 125 Mo. 241; Cook v. Globe Printing Co.,227 Mo. 471; Reese v. Fife (Mo. Sup.), 279 S.W. 415.
 "XI.
"Any language fairly included in statutory definition is libelous per se. Seested v. Publishing Co. (Mo. Sup.),31 S.W.2d 1045, l.c. 1052; Conrad v. Mfg. Co. (Mo. App.),73 S.W.2d 438, l.c. 445; Becker v. Brinkop, 78 S.W.2d 538, l.c. 541."
Under the heading of Points and Authorities, appellant has merely submitted a numerical list of abstract statements of law or facts, and has not shown any connection with errors alleged to have been committed by the trial court. "In other words, the above paragraphs simply announce abstract propositions of law, without pointing out any alleged error committed by the trial court." Hanchett Bond *Page 255 
Co. v. Palm, 220 S.W. 673, 674. We have repeatedly held that this requirement cannot be met in this manner. Such submission is clearly in violation of our rule. Aulgur v. Strodtman,329 Mo. 738, 46 S.W.2d 172; Clay v. Owen, 338 Mo. 1061,93 S.W.2d 914; Metropolitan Properties v. Rideout, 346 Mo. 787,142 S.W.2d 1055.
In the case of Scott v. Missouri Pac. R. Co., 333 Mo. 374,62 S.W.2d 834, l.c. 840, we said:
"In appellant's assignment of errors there appears a general assignment that the court erred in giving instruction No. 10 on the part of plaintiff. No point is made against this instruction in appellant's points and authorities. Our rule 15 provides, among other things, that appellant's brief shall distinctly allege the errors committed by the trial court, and shall contain, in addition thereto, a statement in numerical order of the points relied on, with citation of authorities thereunder. While the general assignment that the court erred in giving instruction No. 10 is good as an assignment of error, standing alone it does not comply with our rule 15, in that it does not distinctly allege what the vice in the instruction is nor the point on which appellant relies. Where, as in this case, the particular point relied on is not made in the `assignment of errors' nor in the `points and authorities,' it will not be noticed in the printed argument, but will be treated as abandoned because not properly presented for review under our rules. Moffett v. Butler Mfg. Co. (Mo. Sup.), 46 S.W.2d 869, 873; Aulgur v. Strodtman, 329 Mo. 738, 46 S.W.2d 172, 173; Burch v. Cleveland, C., C. St. L. Ry. Co., 328 Mo. 59, 40 S.W.2d 688, 693."
[624] It is not the duty of this court to search the entire record in order to discover, if possible, errors committed by the trial court, but it is the duty of the appellants to distinctly point out the alleged errors of the trial court and to show that they were prejudiced by such rulings, also where such rulings may be found in the printed abstract of the record.
The rule here invoked is promulgated not only to aid this court in dispatching its work, but also to guard against the disturbance of nisi prius judgments except upon a full and fair presentation of the whole record, necessary to a determination of errors properly presented.
As appellant has failed to comply with our Rule 15, it follows that under our Rule 16, the appeal should be dismissed. It is so ordered.
All concur. *Page 256