AMBROSE

v.

M. F. A. CO-OPERATIVE ASS'N OF ST. ELIZABETH.

No. 43290.

Supreme Court of Missouri.

En Banc.

April 12, 1954.

Jackson C. Stanton, Tuscumbia, H. M. Atwell, Eldon, for appellant.

Lauf & Bond, H. P. Lauf, John O. Bond, Jefferson City, for respondent.

TIPTON, Judge.

A jury in the circuit court of Miller County, Missouri, returned a verdict of $10,000 for appellant for personal injuries he received while a customer in respondent's store. The trial court sustained respondent's motion to set aside the verdict and render judgment for respondent, and in the alternative sustained respondent's motion for a new trial on the ground of error in instructions. Appellant has appealed.

Respondent filed only a motion to dismiss the appeal first on the ground that no

full transcript of the record had been filed. However, while this appeal was pending in Division One of this Court, that division continued the case at the January 1953 session to allow the filing of a full transcript, which was done.

Respondent's motion to dismiss also states that appellant's brief fails to comply with our Rule 1.08, 42 V.A.M.S., in that it does not contain a fair and concise statement of the facts but contains unwarranted conclusions instead of facts; that there are no references to pages of the transcript indicating where facts referred to in the statement can be found; that it omits all the facts on which appellant's adversary relies; that the brief fails to specify allegations of error; and that the points relied on are mere abstract statements unsupported by reasons or citation of authorities. Appellant's brief does violate Rule 1.08 in most respects. Also, in that part of the brief denominated "Argument," which is the only place where cases are cited, the names of some of the cases are not shown.

Appellant's brief fails to tell what this law suit is about or the legal issues involved. "Indeed, appellant presents no brief proper at all—as required by the established usages of both courts and as understood at the bar. The only authorities cited and the only legal propositions advanced are * * * labeled by learned counsel himself, 'Argument.' This matter is * * * well calculated to divert, or impede, not aid, the judicial mind in its search through the mass for the calm, cold, legal propositions so ambushed and hid away. If learned counsel had paid attention to the rules of court in the logical arrangement and segregation of his legal propositions, and in the proper citation of his authorities, his case would be in a shape contemplated by the rules, but, as it is, his case is here in the teeth of them.

"The rules of appellate practice in hand are simple and plain. They fill no office of mere red tape, or as a show of surface routine. To the contrary, they have substance, and carry on their face the obvious purpose to aid appellate courts in getting at the right of a cause. Hence, apparently, they bespeak the dignity arising from obedience. *If they are not to be obeyed, they should be done away with once for all.* A just rule, fairly interpreted and enforced, wrongs no man. Ostensibly enforced, but not, it necessarily wrongs some men viz., those who labor to obey it—the very ones it should not injure. If the rules in question stand for something and are ever to be enforced, they should be put in motion in this case." Sullivan v. Holbrook, 211 Mo. 99, loc. cit. 103–104, 109 S.W. 668, 670. (Italics ours.)

What a brief shall contain is stated in our Rule 1.08, which reads in part: "(a) All briefs shall be printed. The brief for appellant shall contain: (1) A concise statement of the grounds on which the jurisdiction of the review court is invoked; (2) A fair and concise statement of the facts without argument; (3) The points relied on, which shall specify the allegations of error, with citation of authorities thereunder; provided, however, if more than three authorities are cited in support of a point made, the three authorities principally relied on shall be cited first; and (4) An argument." Subsections (b), (c) and (d) deal principally with the form of the brief.

The requirements as to what a brief shall contain under our Rule 1.08 are almost identical with the requirements under our former Rule 15. See Vol. 351, Missouri Reports, or prior volumes. The penalty for failure to comply with our former Rule 15 was dismissal of the appeal. Failure to comply with our Rule 1.08 is still dismissal of the appeal, see Walker v. Allebach, 354 Mo. 298, 189 S.W.2d 282 or an affirmance of the judgment, "unless good cause is shown or the interests of justice otherwise require." See Rule 1.15.

It is not our duty to search the entire record in order to discover, if possible, error committed by the trial court, but it is the duty of the appellant to distinctly point out the alleged errors of the trial court and to show that he was prejudiced by such rulings, and where such rulings

may be found in the transcript. Anderson v. Woodward Implement Co., Mo.Sup., 256 S.W.2d 819; Kleinschmidt v. Globe-Democrat Publishing Co., 350 Mo. 250, 165 S.W.2d 620.

As before stated, the appellant's brief leaves us without sufficient information on which to proceed. It does not suggest any good cause why the penalty of dismissal should not be enforced. Nor is there anything in the brief that shows that in the "interest of justice" this appeal should not be dismissed.

In order for us to determine if the trial court erred in granting a new trial and entering a judgment for respondent, it would be necessary for this court to study the transcript and, also, to brief the various issues we find in the record, thereby this court becoming an advocate as well as a court. Assuming there is a strong probability that a study of this transcript might show reversible error, we do not think that the interest of justice imperatively requires us to perform this labor in this case as balanced against the importance of keeping this court abreast of its docket. Justice demands that cases be correctly and speedily determined. This cannot be done unless the cases submitted to this court are properly briefed.

This court has been very lenient in its enforcement of the penalty of dismissal for failure to comply with Rule 1.08. The bar has paid little attention to our frequent warnings. Briefs filed in this court recently are not up to the standard of those filed in the past. This is especially true in reference to the question of "points relied on" under Rule 1.08.

"Points relied on" mean exactly what they meant under our former Rule 15. What is required in addition to an assignment of error (now called allegation of error) is well stated in Scott v. Missouri Pacific R. Co., 333 Mo. 374, 62 S.W.2d 834, loc. cit. 840, as follows: "In appellant's assignment of errors there appears a general assignment that the court erred in giving instruction No. 10 on the part of plaintiff. No point is made against this instruction in appellant's points and authorities. Our rule 15 provides, among other things, that appellant's brief shall distinctly allege the errors committed by the trial court, and shall contain, in addition thereto, a statement in numerical order of the points relied on, with citation of authorities thereunder. While the general assignment that the court erred in giving instruction No. 10 is good as an assignment of error, standing alone it does not comply with our rule 15, in that it does not distinctly allege what the vice in the instruction is nor the point on which appellant relies." See also Walker v. Allebach, supra; Kleinschmidt v. Globe-Democrat Publishing Co., supra; City of St. Louis v. Central Institute for the Deaf, Mo.Sup., 149 S.W.2d 790; Majors v. Malone, 339 Mo. 1118, 100 S.W.2d 300; Aulgur v. Strodtman, 329 Mo. 738, 46 S.W.2d 172. In the Majors case, 100 S.W.2d loc. cit. 302, after holding a general statement of error good as an assignment of error, we thus explained the deficiency of the brief: "Turning to that part of the brief intended as points and authorities, we find it contains nothing but abstract statements of law and quotations from decisions, with no attempt whatever to connect such statements and quotations with errors alleged to have been committed by the trial court." This criticism is just as applicable under present Rule 1.08 as it was under former Rule 15.

It is our hope the briefs filed in this court in the future will be an aid to the court, and they will be if Rule 1.08 is followed.

It follows from what we have said that this appeal must be dismissed. It is so ordered.

ELLISON, HOLLINGSWORTH, DALTON and LEEDY, JJ., concur.

HYDE, J., and CONKLING, C. J., concur in separate opinions.

HYDE, Judge.

I concur in the dismissal of this case for the following reasons. When this case was first called in Division 1, at the January 1953 Session, defendant's motion to dis-

miss then on file, pointed out the defects in plaintiff's brief and also showed that plaintiff had not filed a proper transcript. Upon plaintiff's request, we continued the case to the April 1953 Session to permit him to file a full transcript, which plaintiff did. However, plaintiff made no effort to correct the defects in his brief. Nevertheless, to determine whether the interests of justice required us to decide the case on the merits in spite of the glaring failures of the brief to comply with Rule 1.08, we did carefully read the transcript and made the research necessary to decide the case. A majority of the Judges of Division No. 1 felt it could be determined from plaintiff's brief taken as a whole that he was complaining of the Court's action in setting aside plaintiff's judgment on the ground that he did not make a submissible case, and in finding error in instructions given at plaintiff's request, so an opinion on the merits was written affirming the Court's alternative order granting a new trial because of error in instructions but reversing his order entering judgment for defendant. The case was transferred to the Court en Banc on a dissent. The Divisional opinion fully stated the defects in plaintiff's brief, pointed out in detail the requirements of Rule 1.08 and showed how compliance with them could be made. In spite of all this, plaintiff did not file a new brief in Banc as he could have done, see Hall v. Brookshire, Mo.Sup., 267 S.W.2d 627, made no effort to correct any of the defects and did not appear at the oral argument. Therefore, it is reasonable to say that this Court should not continue to help those who will not help themselves after having ample opportunity to do so.

Because we believe our primary duty is to litigants rather than to counsel who represent them, we have stated in Rule 1.15 that a case will not be dismissed for violation of appellate procedural rules if "the interests of justice otherwise require"; and have stated in Rule 1.28 that our "rules shall be liberally construed to promote justice, to minimize the number of cases disposed of on procedural questions and to facilitate and increase the disposition of cases on the merits." However, there must be limits to our undertaking to do work that counsel should have done on his brief, not only because we would be doing work that is not properly ours, but also because in doing this in the attempt to decide a particular case on the merits we are deprived of the benefit of the views and research of opposing counsel on new matter thus developed by the Court on its own initiation. In this case, we do not even know whether plaintiff agrees with or is willing to accept the theory of our Divisional opinion which is different from any theory advanced by him.

The requirements of Rule 1.08 most frequently violated are those in (a) (3) providing that an appellant's brief shall contain: "The points relied on, which shall specify the allegations of error, with citation of authorities thereunder". Many briefs have been filed recently in which no allegations of error were specified in the points relied on. That is, no statement is made as to what the Court did that is claimed to be wrong, but there are only abstract statements of law without any showing of how they are related to anything the Court did. Thus this Court cannot tell from the "points" what trial court rulings are complained of and must search the whole brief (and sometimes the transcript) before we can be sure what action of the trial court is sought to be reviewed. On the other hand, many briefs have "points" which are only allegations of error (stated as in the motion for new trial) but do not state any reasons why it is contended that the Court erred in making the ruling which is said to be erroneous. In neither case can this Court tell from the "points" just what the appellant's contentions are and must waste time trying to determine this from other parts of the brief or the transcript. When Rule 1.08 (a) (3) is properly complied with the "points" constitute a short and concise outline of the part of the brief called "an argument." Rule 1.08 (a) (4). The only real difference between our former Rule 15 (See Vol. 351 Missouri Reports, or prior volumes) and Rule 1.08, as to this matter, is that it was previously required that assignments of error should be stated separately and fol-

lowed by a statement of the points relied on. Now, under Rule 1.08 (a) (3), these are combined. This term "allegations of error" comes from Sec. 512.160(1) which refers to allegations of error presented to the trial court in the motion for new trial. All that is required to comply with Rule 1.08 (a) (3) is a concise statement of what the Court did that is claimed to be wrong and a concise statement of why it is contended the Court was wrong. The purpose of having this in the "points relied on" is to tell the Court what the appellate issues are so it will know what the argument is about. Compliance with these requirements will enable counsel to make a better presentation for their clients and greatly assist the Court in the administration of justice.

CONKLING, Chief Justice.

I concur in the conclusion of the principal opinion and in all that is said therein.

In our efforts to decide the cases which come before this Court upon their merits, we have for some years pursued a policy of leniency respecting briefs and have overlooked unnumbered violations of the basic requirements of our Rule 1.08. Far too many members of the Bar, in the preparation of their briefs in cases in this Court have taken advantage of that policy of leniency and have apparently become indifferent beyond all belief in the preparation of their briefs. Each succeeding Session of this Court discloses that an increasing number of briefs are written with no apparent regard for Rule 1.08, and are subject to the observations the principal opinion makes with respect to appellant's instant brief.

The preparation of the brief in a cause on appeal is the function of the counsel in each case. This Court should not have to do that. But to decide the merits of a case we often have been compelled to do so, and have often done so. We should not be compelled to search through the briefs prepared and filed by counsel to try to determine wherein an indifferent counsel for appellant believes (or hopes) that the trial court prejudicially erred. Nor should an appellate court be compelled to search through a transcript to find the testimony as to specific facts referred to in the purported statement in a brief because an indifferent counsel has failed to comply with Rule 1.08 and has made no page references when stating facts in a brief.

With the volume and character of litigation which now comes to this Court it seems more imperative than it has ever been that counsel comply with Rule 1.08. The mere statement in the "Points Relied On" of abstract principles of law do not point out to an appellate court, the claimed error of a trial court upon which the appellant relies for a reversal of a judgment from which an appeal was taken. We do get many properly prepared briefs in cases here. But far too many briefs filed here do not comply at all with the simple basic requirements of Rule 1.08.

It is with regret that I feel that the time has now come to dismiss the appeals in cases where the briefs violate Rule 1.08. Therefore, I concur in the dismissal of the instant appeal.