## TOWNSEND v. LAWRENCE.

### No. 7302.

Springfield Court of Appeals.

Missouri.

April 21, 1954.

J. William Cook, Crane, for appellant.

Rufe Scott, Galena, for respondent.

McDOWELL, Presiding Judge.

Action in ejectment for possession of approximately one acre of land in Stone County, Missouri. Cause was tried before the court and judgment rendered for defendant. Plaintiff appealed to the Supreme Court and the cause was, by that court, transferred here because title to real estate was only incidentally involved as basis of claim to possession.

The petition alleged ownership in plaintiff of a strip of land lying between the old Galena and Berryville road and the present Galena and Berryville road, being west of the old road and east of the new road or present road, lying and being in the South half of the Northeast quarter of the Northwest quarter and the Southeast quarter of the Northwest quarter, all being in Section 13, Township 22, and Range 24, Stone County, Missouri, containing 1 acre, more or less; that defendant entered into possession and wrongfully withholds same from plaintiff to his damage in the sum of $100 and monthly rent of $1.

The answer denies the allegations of the petition and pleads ownership in the defendant.

To establish his case plaintiff offered the following evidence:

1. A warranty deed dated September 15, 1919, from Mary F. Evans and J. M. Evans, her husband, to John W. Tomlinson and wife, Martha Tomlinson, conveying "All that part west of the Berryville-Galena Public Road of the west part of the South Half of the Northeast Quarter of the Northwest Quarter and that part west of the same road of the Southwest Quarter of the Northeast Quarter and that part west of said road of the Northeast Quarter of the Southwest Quarter of Section 13, Township 22, Range 24, about ten acres more or less."

It was admitted that John S. Hemphill was county highway engineer from February until July 1, 1922.

Plaintiff's testimony is that the change was made in the old road in about 1923. One witness said the change was made so that the traffic could get up the hill. The testimony does not show just when J. M. Evans, or Uncle Jessie as he was called, moved his fence so as to take in the strip of land in question but did so during his lifetime. He died in 1939. One of plaintiff's witnesses testified that the fence was built in 1934 or 1935 and that he drove the posts for the fence. None of the witnesses know exactly when the fence was placed over the new road taking in the land in question.

On cross-examination plaintiff stated that defendant had possession of the land in question for 29 years but not peaceable possession. He stated that for a while the land in question was not fenced; that Evans promised them to move the fence but he and Evans had some trouble over another piece of land and Evans said he would not move the fence until he was made to do so. Plaintiff admitted he claimed title to the land between the roads by virtue of a tax deed he received from the county for delinquent taxes for the year 1934. He stated that this deed covered the same land as the deed from Evans to Tomlinson made in 1919. However, the tax deed, offered in evidence, under which plaintiff claims, described the land as follows:

"8 acres, that part of the South Half of the Northeast Northwest and that part of the Southeast of the Northwest Quarter lying west of the Galena and Berryville Road, Section 13, Township 22, Range 24".

Defendant testified that he owned the land east of the road that was formerly owned by Evans. He obtained the same by will from Evans; that the land had been fenced as it is now ever since he could remember and that he is 41 years old. He said he helped repair the fence in 1933 and stated he claimed title to the land up to the present road. He testified that plaintiff had sought to break the will of Evans and failed.

A former county surveyor testified that he had surveyed the old road in 1914; that he knew of the change in the new road. He testified that Evans deeded the land, west of the road, claimed by plaintiff, after the new road was established; that he came to his house to get the description and told him he was selling the land west of the new road to Tomlinson.

Appellant really makes but one assignment of error, that the judgment is for the wrong party. He says that under the law and evidence the court should have rendered judgment for plaintiff-appellant and points out that the trial court erred in finding that the tax deed conveyed only lands bounded on the east by the Inter-County seat highway.

We call attention to Supreme Court Rule 1.08, subsection (a) (3), 42 V.A.M.S., which reads as follows:

"The points relied on, which shall specify the allegations of error, with citation of authorities thereunder * * *."

There is no attempt made by appellant in his assignment of error to point out where or to specify wherein the judgment is erroneous or the points or reasons upon which appellant relies. It is well settled that assignments of error, which do not point out wherein the error lies presents

nothing for review. Majors v. Malone, 339 Mo. 1118, 100 S.W.2d 300; Hartkopf v. Elliott, 339 Mo. 1009, 99 S.W.2d 25, 26; Scott v. Missouri Pac. R. Co., 333 Mo. 374, 62 S.W.2d 834, 840; Metropolitan Properties Co., v. Rideout, 346 Mo. 787, 142 S.W.2d 1055; Gelhot v. Stein, Mo.Sup., 174 S.W.2d 174; Berghorn v. Reorganized School Dist. No. 8, Mo.Sup., 260 S.W.2d 573, 580; State ex rel. Houser v. St. Louis Union Trust Co., Mo.Sup., 248 S.W.2d 592.

In Metropolitan Properties Co. v. Rideout, supra, 142 S.W.2d at page 1056, the Supreme Court said:

"It is not the duty of this court to search the entire record in order to discover, if possible, errors committed by the trial court, but it is the duty of the appellants to distinctly point out the alleged errors of the trial court and to show that they were prejudiced by such rulings, also where such rulings may be found in the printed abstract of the record."

■ The record discloses that appellant never requested the trial court to make findings of fact upon which he based his judgment as is provided by section 510.310 RSMo 1949, V.A.M.S. Therefore, the judgment must be sustained if it can be justified under the evidence. The record does not show upon what facts the trial court based his judgment. He merely found for the respondent. Section 510.310, subd. 2 RSMo 1949, V.A.M.S. provides that where no specific findings of fact are made all fact issues shall be deemed found in accordance with the result reached.

A careful examination of the record leads this court to believe that this lawsuit was not inspired by a desire to gain possession of one acre of land so situated as the land in question. If it has any value whatever to appellant the record does not disclose. In fact, appellant's petition says that the rental value is only $1 per month. One can hardly imagine an appellant taking his case to all of the courts, including the Supreme Court, for such a trifle as is involved here. It rather discloses an attempt on the part of appellant to gain self satisfaction of wounded feelings, to reap revenge upon his kinsmen because of difficulties they have had as to other matters as shown in the record.

In Hastings v. Hudson, 359 Mo. 912, 224 S.W.2d 945, 950, the law is stated:

"It is the duty of this court to review de novo cases of this nature. We defer to the trial court's finding where the evidence does not convince us that such findings are incorrect. When the evidence does so convince us then we must make our own finding of facts. * * *" Section 510.310, subd. 4 RSMo 1949, V.A.M.S.; Eiswirth Const. & Equipment Co. v. Glenn Falls Ins. Co., Mo.App., 240 S.W.2d 973.

■ First, we find that appellant has wholly failed to sufficiently preserve for review in his brief any errors committed by the trial court.

■ Secondly, we find that the trial court was justified in finding that appellant's tax deed did not show that he was the owner of the land in question. The tax deed is for only eight acres, was made after the new road was established and was two acres less than the land conveyed by Evans to Tomlinson in 1919. No proof was offered to establish that the ten acres conveyed in the first deed was the same land that was conveyed in the second deed.

■■ Thirdly, we find that appellant's evidence tends to show that Evans conveyed all the land west of the old road while respondent's evidence strongly tends to show that that deed contained only lands west of the newly established road. We think that the trial court should be followed on the weight of the testimony in this case and we defer to the trial court's findings where the evidence does not convince us that such findings are incorrect. Hastings v. Hudson, supra.

Judgment affirmed.

BLAIR and STONE, JJ., concur.