Ellinora SCHOENHALS, Appellant,

v.

Louise PAHLER and Mildred E. Church,
Respondents.

No. 44248.

Supreme Court of Missouri.

Division No. 2.

Nov. 8, 1954.

Horace Merritt, St. Joseph, for appellant.

Goldman & Goldman, Abe Goldman, Strop & Strop, C. F. Strop, Jr., St. Joseph, for respondents.

**TIPTON, Presiding Judge.**

The appellant's petition is in two counts: Count one is an action to determine title to lots 6 and 7, block 56, North St. Joseph Extension, an addition to the city of St. Joseph, Missouri. This count asked that a deed to these lots be set aside and that title be quieted in appellant. The second count is an action for damages in the sum of $1,000 and punitive damages in the sum of $1,500.

The respondents filed a motion asking the trial court to dismiss appellant's petition because appellant had previously filed an action in two counts which had been dismissed with prejudice. The first count in that petition asked that title be determined to the above described real estate and the second count was for actual and punitive damages. The appellant attempted to have this dismissal with prejudice set aside by filing a motion in the nature of a writ of error coram nobis. The trial court denied this motion and its action was affirmed by this court. See Schoenhals v. Pahler, Mo., 257 S.W.2d 662. In the case at bar, respondents' motion also contained a request that this action be stayed until the costs in the first suit were paid.

After a hearing was held upon the motion in this action, the trial court dismissed appellant's petition. The record entry in this case is, "the Court finds that defendants' motion to dismiss should be sustained and that plaintiff's petition in two counts should be dismissed. It is therefore ordered, adjudged and decreed, that plaintiff's petition in two counts be dismissed * * *."

Respondents have filed a motion to dismiss this appeal for the reason that appellant's brief fails to comply with 42 V.A.M.S. Rule 1.08 of this court.

■ Respondents contend that appellant's brief fails to show wherein this court acquires jurisdiction of this litigation. The appellant's brief says, "This is a suit involving title to real estate, * * * therefore appealed to this Honorable Court * * *." This bare statement is a conclusion and is insufficient under the rules. Jones v. Williams, 357 Mo. 531, 209 S.W. 2d 907.

■ We agree with respondents that appellant's statement of facts omits essential facts on which respondents rely, in that there is no mention of the fact that appellant's claim of title to the real estate involved was determined by the prior suit, which judgment was affirmed by this court. Therefore, the statement of facts is not "a fair and concise statement of the facts without argument."

Appellant's first paragraph under her "Assignment of Errors, Points and Authorities" is as follows:

"The Court erred in sustaining defendant's motion to dismiss this second suit after dismissal of her first suit, the court giving a reason for sustaining said motion that the costs had not been paid in the first suit, thus ignoring and disregarding the receipt of the clerk of the Circuit Court for the costs in said first suit presented by plaintiff as her Exhibit No. 1 appearing upon page 59 of the Transcript of Record."

■ This assignment of error is not sustained by the record. The trial court dismissed plaintiff's petition after a hearing on respondents' motion to dismiss for the reason the title sought to be adjudicated by this action had already been determined by a prior action and had been affirmed by this court. Respondents' motion in the trial court did not ask that this action be dismissed for the reason that the costs of the prior action had not been paid but, rather, that this action be abated until the costs were paid. Therefore, there is no such issue in this case.

The only other assignment of error is:

"The main error of the trial Court is the Court's failure to follow the law and the common rules of justice and equity and in the face of plain proof placed in the record of Plaintiffs having received complete title in fee simple to the two lots involved as shown in Plaintiff's Exhibits 2 and 3 pages 62 and 63 of Record: the main error was disregarding this plain evidence and failing to make and enter decree removing said deed from Mrs. Pahler to Mrs. Church as to lots 6 and 7 as a cloud upon Plaintiff's title and ownership said lots for more than 30 years prior to date of said deed and decreeing her to have a good and indefeasible title in fee simple to said lots."

This assignment is also not within the issues made by the pleadings and findings of the trial court. We will repeat that when the trial court dismissed appellant's petition, the court found that title to the real property had been decided by the former suit.

"It is not our duty to search the entire record in order to discover, if possible, error committed by the trial court, but it is the duty of the appellant to distinctly point out the alleged errors of the trial court and to show that he was prejudiced by such rulings, and where such rulings may be found in the transcript. Anderson v. Woodward Implement Co., Mo.Sup., 256 S.W.2d 819; Kleinschmidt v. Globe-Democrat Publishing Co., 350 Mo. 250, 165 S.W.2d 620.

"As before stated, the appellant's brief leaves us without sufficient information on which to proceed. It does not suggest any good cause why the penalty of dismissal should not be enforced. Nor is there anything in the brief that shows that in the 'interest of justice' this appeal should not be dismissed." Ambrose v. M. F. A. Co-operative Ass'n of St. Elizabeth, Mo., 266 S.W.2d 647, loc. cit. 648–649.

It follows that respondents' motion to dismiss appellant's appeal should be sustained and that the appeal be dismissed. It is so ordered.

LEEDY, Acting P. J., ELLISON, J., and BENNICK and BROADDUS, Special Judges, concur.