Margaret Streicher WINKEL (Plaintiff),
Appellant,

v.

Leo STREICHER et al. (Defendants),
Respondents.

No. 29312.

St. Louis Court of Appeals.

Missouri.

Feb. 21, 1956.

Motion for Rehearing and to Transfer
to Supreme Court Denied
March 15, 1956.

Everett Paul Griffin, St. Louis, and M. E. Clinton, Dallas, Tex., for appellant.

Earl G. Smith and Earl Q. Smith, St. Louis, for respondents.

MATTHES, Judge.

This is an action to construe the will of Elizabeth Streicher, who died on August 30, 1950. The chancellor denied the relief sought by plaintiff, and she has appealed to this court.

Plaintiff and Lillie Streicher are sisters and children of Isabelle Streicher, also deceased. Named as parties defendant, along with others, were Lillie Streicher and Fred A. Rottman, her trustee. Article Fourth of the will, the construction of which is necessary, provides in part:

"Article Fourth:—I give, devise and bequeath my real estate located at 1514 Ferguson Avenue, St. Louis County, Missouri, to Fred A. Rottman, in trust nevertheless, for the following uses and purposes, to-wit:

"(1) The trustee shall have power to buy, sell, rent, lease, mortgage, invest and re-invest the trust estate.

"(2) The trustee shall pay the net income and any part of the corpus of the estate as he in his sole discretion deems necessary, to my niece, Lillie Streicher, or her guardian or to any person or corporation caring for her, for the support and maintenance of my said niece.

"(3) The trust shall terminate upon the death of my niece, Lillie Streicher and at that time the corpus of the trust estate, including any accumulated income, shall be transferred, paid and delivered as hereinafter provided in Article Fifth of this will."

By the Fifth Article of the will, one-half of the residue and remainder of the estate was given, devised, and bequeathed to the nephews and nieces by blood of the testatrix surviving at her death in equal shares, except for the share of Lillie Streicher which the will directed should be paid to the trustee subject to the terms of the trust. The other half of the remainder was given to the brothers or to children of deceased brothers, and one-fourth of the half went to Fred W. Rottman.

The portion of the residue of Elizabeth's estate received by Lillie (her share of one-half of the remainder, the amount of which was not disclosed), was used by the trustee in maintaining and supporting Lillie in the Emmaus Home. When the funds from

that source were depleted the trustee paid $60 per month out of the trust estate until "about June '54", when he ceased making payments.

Isabelle Streicher died on February 4, 1953. She, too, left a will, executed on November 14, 1951. After two specific bequests of one dollar to each of her children (plaintiff and Lillie), she devised and bequeathed the remainder of her estate to her husband, William G. Streicher, but provided that in the event her husband predeceased her, Margaret Streicher Winkel, plaintiff herein, should receive her entire estate. The will further provided, "In consideration of this bequest to my daughter, Margaret Streicher Winkel, it is understood that she will pay for the support and maintenance of my daughter, Lillie Streicher, as long as she may live."

William G. Streicher predeceased his wife so that upon the death of her mother plaintiff became the sole beneficiary of her estate. Some time following Isabelle's death, apparently upon the closing of the administration of her estate, Fred A. Rottman, trustee, discontinued making payments for the support and maintenance of Lillie, taking the position that plaintiff was obligated under the terms of Isabelle's will to furnish all necessary support and maintenance for Lillie. Shortly thereafter this action was instituted.

The chancellor decreed that under the Fourth Article of Elizabeth's will, Fred A. Rottman, as trustee, has the sole discretion to determine whether any part of the income or the principal of the trust estate shall be paid for the support and maintenance of Lillie, the cestui que trust, and that the trustee had the right to cease making payments to Emmaus Home for Lillie's support; judgment was rendered in accordance with a stipulation between plaintiff and trustee against plaintiff for $300, being the amount paid by the trustee for Lillie's support from August 1, to December 1, 1954; the attorney representing the trustee was allowed a fee of $200; and the costs were taxed against plaintiff.

In seeking to overthrow the decree of the chancellor plaintiff advances two basic contentions. She says that the trust provisions of the will under scrutiny are ·clear and unambiguous, and that as to the income from the trust estate the trustee has no right or discretion, but is obligated absolutely to use the whole of the income for Lillie's benefit. Secondly, she says that the discretion as to the trust estate extends only to the amount thereof that is ·to be paid for the stated purpose, and in no event is the trustee authorized to refuse to pay any part thereof for Lillie's support and maintenance.

■■■■ Determination of the first point raised by plaintiff requires consideration of the punctuation appearing in the second paragraph of Article Fourth of Elizabeth's will. If a comma followed the word "income" so that the will read: "The trustee shall pay the net income, and any part of the corpus of the estate as he in his sole discretion deems necessary," etc., there would be merit in plaintiff's contention, but there is no comma at the suggested place. While the court may consider punctuation for the purpose of clearing up an ambiguity in a will, this practice should not be followed where no real ambiguity exists. 69 C.J., Wills, § 1143, p. 86. And where it appears that the testator in drawing the will paid no attention to punctuation, the court in construing the instrument may ignore the punctuation marks if by so doing a more intelligent understanding of the language used is obtained. 57 Am.Jur., Wills, Sec. 1155, Note 13, p. 753. See, also, Lycan v. Miller, 112 Mo. 548, 20 S.W. 36, 700. In the instant case it is obvious that the testatrix did give attention to punctuation, and since no real ambiguity exists in paragraph 2 of the Fourth Article as it is punctuated, we are not at liberty to arbitrarily insert a comma after the word "income" so as to bring about the meaning and result desired by plaintiff. We accordingly hold that the discretion vested in the trustee applies with equal force to both the income ·and the corpus of the estate.

**392**

In resolving the question of the propriety of defendant Fred A. Rottman as trustee in discontinuing payments from the trust estate for Lillie's support and maintenance, we take cognizance of principles of law applicable in the construction of an instrument of the character of the trust provision of the will under consideration.

The universally recognized rule of construction of a will is that the court must confine its endeavors to ascertaining the real intent of the testator. In doing so the will must be read from its four corners, and effect given to all of its plain provisions. But of course the court cannot attempt to make a new will or an equitable distribution of the estate. And if there is doubt as to the proper construction of the will after its provisions and language are fully considered, then the court has a right, in aid of construction or interpretation, to consider the circumstances surrounding the testator at the time of making the will. Lyter v. Vestal, 355 Mo. 457, 196 S.W.2d 769, 2 A.L. R.2d 1375; First Trust Co. v. Myers, 351 Mo. 899, 174 S.W.2d 378, 380; Housman v. Lewellen (Banc), 362 Mo. 759, 244 S.W.2d 21; Section 468.620 RSMo 1949, V.A.M.S.

Where the trustee is vested with discretion with respect to a support trust, the court will not control his exercise thereof as long as he does not exceed the limits of the discretion conferred upon him. Succinctly stated, the trustee may not abuse the discretion. This ordinarily means that so long as he acts not only in good faith and from proper motives, but also within the bounds of reasonable judgment, the court will not interfere. Scott on Trusts, Vol. 2, Sec. 187, pp. 986, 987; 54 Am.Jur., Trusts, Sec. 181, p. 143; 90 C.J.S., Wills, Sec. 261, pp. 308 through 310; Nossman on Trust Administration 1, Sec. 443, p. 478; Restatement, Trusts, Sec. 187, p. 479; Koplar v. Rosset, 355 Mo. 496, 196 S.W.2d 800, loc. cit. 806, 807, and cases there cited. Lyter v. Vestal, supra, 355 Mo. 457, 196 S.W.2d 769, loc. cit. 772; Bolles v. Boatmen's Nat. Bank of St. Louis, 363 Mo. 949, 255 S.W. 2d 725, loc. cit. 732. In cases where the discretion conferred upon trustee is "ab-

solute" or "uncontrolled", the standard of reasonableness is dispensed with, but discretion must still be used. The trustee's conduct cannot be arbitrary or fraudulent, motivated by bad faith, or by improper motives. If so, the court will intervene. Bogert, Trusts and Trustees, Vol. 3, Part 1, Sec. 560, pp. 486, 487; Nossman on Trust Administration 1, Sec. 443, p. 479; Scott on Trusts, Vol. 2, Sec. 187, pp. 986, 987.

The precise question here is whether the refusal of the trustee under all of the circumstances to pay any part of the income or the principal of the trust estate for Lillie's support was sufficient to constitute a violation of the announced principles. The answer must depend largely upon the right of the trustee to withhold payments on the ground that another person (plaintiff) is obligated to discharge the obligation which otherwise would rest upon the trustee.

The exact situation has not come before our courts for decision, at least our research failed to disclose that the point has been ruled in Missouri. The question, on similar facts, has been ruled both ways by courts of foreign jurisdictions. In City of Bridgeport v. Reilly, 133 Conn. 31, 47 A.2d 865, 866, the Supreme Court of Connecticut held that the trustee under a trust provision providing that the " 'trustee may in her discretion expend or appropriate any or all of the income or principal * * * for the comfortable support' of Coughlin" could take into consideration other means of support available to the beneficiary. That ruling was consistent with the holding in Bridgeport-City Trust Co. v. Beach, 119 Conn. 131, 174 A. 308, and Stempel v. Middletown Trust Co., 127 Conn. 206, 15 A.2d 305, 157 A.L.R. 657. The Supreme Court of Colorado, by banc opinion in Dunklee v. Kettering, 123 Colo. 43, 225 P.2d 853, followed the principle as enunciated by the Connecticut court in the above cited cases. In the Dunklee case the trustee was "authorized" to use as much of the principal of the estate in addition to the income "as may be necessary to provide him (beneficiary) with the necessities of life". But see

Stetson v. Community Chest of the Oranges, etc., 24 N.J.Super. 243, 93 A.2d 796, and McClintock v. Smith, 238 Iowa 964, 29 N. W.2d 248, in which, under the facts present, the trustee was not permitted to take into consideration the personal estate of the cestui in determining whether the trustee could use trust property for the support of the beneficiary.

We observe that in reaching a decision in the cases referred to the court emphasized that the controlling and dominant factor was the intent of the party (settlor) creating the trust: " 'It is a question of interpretation whether the beneficiary is entitled to support out of the trust fund even though he has other resources. * * * The settlor may, however, manifest an intention that the trust property should not be applied to his support unless and only to the extent that he is in actual need, in which case he is not entitled to support out of the trust fund if he has other and sufficient resources.' " Stetson v. Community Chest of the Oranges, etc., supra, 93 A.2d 796, loc. cit. 799, quoting from 1 Scott on Trusts, Sec. 128.4, p. 672.

In an effort to ascertain the "real intent" of Elizabeth Streicher, the settlor, we consider the surrounding circumstances at the time of making the instrument, not overlooking, of course, the language of the will, " 'from its four corners' ". Lyter v. Vestal, supra, 355 Mo. 457, 196 S.W.2d 769, loc. cit. 771, 772; First Trust Co. v. Myers, supra, 351 Mo. 899, 174 S.W.2d 378; Plummer v. Brown (en banc), 315 Mo. 627, 287 S.W. 316.

Bearing directly upon Elizabeth's intention are the statements made by her expressing concern that there would not be sufficient funds left by William and Isabelle Streicher (parents of Lillie Streicher) to properly provide for Lillie, "and she further stated that in the event there was not she would like to take care of Lillie Streicher. * * * Again she reminded me that in the event there were no funds for Lillie's provision, that I should use any or all the income and even the corpus of the estate to pay for her keep whether it be at Emmaus, and at that time she was at Emmaus, or at any other place."

Consideration of the terms of the will granting trustee *sole* [1] discretion in light of the declarations of testatrix compels the conclusion that Elizabeth Streicher intended that the trust estate should not be used for the support of Lillie unless and only to the extent that an actual need exists.

We now turn to the will of Isabelle Streicher. This document must receive our interpretation in order that we may resolve the vital question of whether the trustee acted prudently and in accordance with Elizabeth's intention when he discontinued supporting Lillie. By the clear and unambiguous terms of the eighth paragraph of Isabelle's will, set out in full, supra, plaintiff became the sole beneficiary of her mother's estate in consideration of the understanding that plaintiff "will pay for the support and maintenance of my daughter Lillie Streicher as long as she may live". In Simpson v. Corder, 185 Mo.App. 398, 170 S.W. 357, 358, the language of the disputed portion of the will was strikingly similar to that which we are now considering.[2] The court held that a trust was imposed for the benefit of Emily Simpson. And we hold that by the plain terms of Isabelle's will she intended that the sole beneficiary of her estate, plaintiff herein, support and maintain her other daughter Lillie as long as the latter may live. The very fact that Isabelle left her daughter Lillie only one dollar ren-

---

1. The word "sole" is defined as, "Acting, working, moving, etc., independently or without assistance or interference." (Webster's New International Dictionary, Second Edition.)

2. The will in the Simpson case provided that, " 'This bequest is made in consideration of the services the said Charles Corder has rendered me in the past and upon his promise to take care of and provide for my half sister, Emily Simpson (plaintiff), during the rest of her natural life, and defraying all expenses of her last sickness and proper burial.' "

**394**

ders this conclusion even more tenable. No reason appears why Isabelle would have cut off Lillie with one dollar unless it is that she believed she had made adequate provision for Lillie's support and maintenance. The situation does not require a definition or classification of the character of trust created in favor of Lillie Streicher. It is sufficient to hold that a trust was in fact established in favor of Lillie to be enforced as other trusts and charges.

We are unable to determine, however, whether plaintiff actually came into possession of property by virtue of her mother's will. Statements of counsel indicate that the bequest to plaintiff amounted to at least $18,000, but no evidence was offered or received on this question. Therefore the cause should be remanded in order that the chancellor may hear evidence and determine whether plaintiff actually became the recipient of an estate by reason of her mother's will. If she did not, appropriate action should be taken by the court to the end that Lillie is supported and maintained out of the trust estate in the hands of Fred A. Rottman, the trustee.

Plaintiff also makes the point that the court erred in permitting the trustee to testify as to statements made by Elizabeth Streicher, the gist of which has heretofore been noted. In line with what has been said we rule the court properly received such testimony for the purposes of ascertaining the intent of the testatrix with respect to the use of the trust fund.

It is also urged that the court committed error in permitting the will of Isabelle Streicher to be introduced in evidence. This point is without merit. We observe that not only was said will received in evidence without objection, but counsel representing plaintiff stated to the court, "I suppose we can assume both wills (Elizabeth's and Isabelle's) are in evidence."

Finally the plaintiff complains of the action of the court in rendering judgment in favor of the trustee and against plaintiff in the sum of $300. Prior to the trial the attorney representing plaintiff, and the attorney representing all of the defendants except Lillie Streicher, entered into and signed a written stipulation providing that the trustee should pay $60 per month to Emmaus Home for Lillie's support, beginning September 1, 1950, and continuing until the court rendered its decree; that in the event the court determined the trustee was not bound to make such payments, the plaintiff would reimburse the trustee for the amount paid by him pursuant to the agreement. The action of the court was in accord with the stipulation, consequently the point is ruled against plaintiff.

Although we have disposed of all points properly raised by plaintiff, we observe that in the concluding portion of her brief there is a suggestion, without citation of authorities in support thereof, that the court erred in allowing the attorney representing the trustee a fee for services rendered in connection with the litigation, and in not allowing plaintiff's attorney a fee. But plaintiff's brief fails to comply with S. C. Rule 1.08(a) (3), 42 V.A.M.S., requiring the points relied on to show what action or ruling of the court is sought to be reviewed and stating briefly and concisely why the court was wrong in such action or ruling. Indeed, not only is there no concise statement of what the court did or failed to do that is claimed to be wrong in the "points relied on", but that portion of plaintiff's brief is silent on the subject of attorneys' fees. In this situation there is nothing before the court for review. Ambrose v. M. F. A. Co-operative Ass'n, Mo.Sup., 266 S.W. 2d 647; White v. Nelson, Mo.App., 283 S.W.2d 926.

The cause is reversed and remanded for proceedings consistent with the views herein expressed.

ANDERSON, P. J., and SAM C. BLAIR, Special Judge, concur.