John P. REPPLE, Appellant,

v.

EAST TEXAS MOTOR FREIGHT LINES, a Texas Corporation, Respondent.

No. 45018.

Supreme Court of Missouri. Division No. 2.

April 9, 1956.

Freight Lines, a Texas corporation, defendant, for $13,000 for personal injuries sustained when defendant's tractor-trailer struck the rear of a St. Louis Public Service Company bus on which plaintiff was a passenger. The trial court granted defendant's motion for a new trial. Plaintiff has appealed.

Respondent's motion for new trial was sustained on the following grounds: That the verdict was so grossly excessive as to demonstrate (1) that it resulted from bias, passion and prejudice on the part of the jury; (2) that it resulted from a disregard of the evidence and an attempt on the part of the jury to award plaintiff damages for a permanent injury admittedly not chargeable against defendant; and (3) that the verdict was grossly excessive.

Respondent filed a motion to dismiss the appeal on the ground appellant's brief failed to comply with Supreme Court Rule 1.08, 42 V.A.M.S. The motion was ordered taken with the case.

Appellant's brief, filed November 25, 1955, contains a "Statement of Jurisdiction," "Statement of Fact," "Points and Authorities," and an "Argument."

We quote the applicable provisions of Rule 1.08:

"(a) * * * The brief for appellant shall contain: * * * (2) A fair and concise statement of the facts without argument: (3) The points relied on, which shall show what actions or rulings of the Court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citation of authorities thereunder; provided, however, if more than three authorities are cited in support of a point made, the three authorities principally relied on shall be cited first: and (4) An argument.

"(b) The fair and concise statement of the facts shall be in the form of a statement of the facts relevant to the questions presented for determination. * * * If desired, such statement may be followed

Bartley & Bartley, by Ralph H. Schnebelen, St. Louis, for appellant.

Wilbur C. Schwartz, St. Louis, for (defendant) respondent. Joseph Nessenfeld, St. Louis, of counsel.

BOHLING, Commissioner.

John P. Repple, plaintiff, recovered a judgment against East Texas Motor

by a statement of testimony of each witness relevant to the points presented. * * *

"(d) The points relied on shall briefly and concisely state what actions or rulings of the Court are claimed to be erroneous and briefly and concisely state why it is contended the Court was wrong in any action or ruling sought to be reviewed. Setting out only abstract statements of law without showing how they are related to any action or ruling of the Court is not a compliance with this rule."

■ Appellant's "statement of the facts", so far as material, merely purports to set forth separately a resume of the testimony of named witnesses. A statement of the facts may be followed, if desired, by a statement of the testimony of each witness relevant to the points presented; but merely narrating the testimony of each witness without first making a fair and concise statement of the facts is not a compliance with Rule 1.08. Jackson v. Thompson, 358 Mo. 1001, 218 S.W.2d 97, 99[3]; See v. Wabash R. Co., 362 Mo. 489, 242 S.W.2d 15, 16[1, 2].

We quote the whole of appellant's "Points and Authorities":

"1. An appellate court will set aside an order of a trial court granting a new trial if it appears that there has been an abuse of discretion.

"2. The trial court abused its discretion in granting a new trial in this case.

"3. There was no evidence to warrant conclusion that verdict resulted from bias, passion and prejudice of the jury.

"4. Under the evidence the amount of the verdict was not grossly excessive. In fact, evidence positively, unequivocally, overwhelmingly warrants and supports the verdict.

"5. The jury was fully, clearly and emphatically advised that the injury to the knee was not involved in the case and that the plaintiff was not claiming that it was so connected."

As indicated above no authorities are cited in support of any of the quoted assertions and we find no authority cited in the "Argument" or in appellant's brief.

Notwithstanding appellant has the burden of establishing reversible error, he has not shown or attempted to show why the discharge of its duty by the trial court in ruling on appellant's motion for new trial does not fall within the following authorities relied on, among others, by respondent. Dye v. St. Louis-San Francisco Ry. Co., 361 Mo. 331, 234 S.W.2d 532, 533; Mitchell v. Pla-Mor, Inc., 361 Mo. 946, 237 S.W.2d 189, 191[4-9]; Parks v. Thompson, 363 Mo. 791, 253 S.W.2d 796, 798 [3-7]; Jones v. Pennsylvania R. Co., 353 Mo. 163, 182 S.W.2d 157, 158[2-6].

■ The several assertions found under appellant's "Points and Authorities" may be sufficient as assignments of error but they do not comply with the requirements of Rule 1.08. Scott v. Missouri Pac. R. Co., 333 Mo. 374, 62 S.W.2d 834, 840 [17, 18]; Eisenbarth v. Powell Bros. Truck Lines, Inc., Mo., 161 S.W.2d 263, 268 [10, 12]; Wipfler v. Basler, Mo., 250 S.W.2d 982, 985 [4, 5, 9]. At one time our rules contemplated that assignments of error should be separately stated and followed by a statement of the points, with citations of authorities thereunder, but they should be combined under Rule 1.08.

■ Abstract statements of law or of fact are too general to serve as a point stating the ruling of the court claimed to be erroneous and why the court was in error. Aulgur v. Strodtman, 329 Mo. 738, 46 S.W.2d 172, 173[3, 4]; Metropolitan Properties Co. v. Rideout, 346 Mo. 787, 142 S.W.2d 1055, 1056[2, 3]; Carver v. Missouri-Kansas-Texas R. Co., 362 Mo. 897, 245 S.W.2d 96, 102[11].

■ The following, among other, authorities sustain respondent's motion to dismiss. Gelhot v. Stein, Mo., 174 S.W.2d 174, 175, and cases there cited; Ambrose v. M. F. A. Co-operative Ass'n, Mo., 266 S.W.2d 647, 648[1]; Majors v. Malone, 339 Mo. 1118, 100 S.W.2d 300, 302[1, 2];

Clark v. Empire Trust Co., Mo., 248 S.W. 2d 603. We are satisfied from our study of the briefs that the interests of justice do not require any different disposition of the instant review.

The appeal is dismissed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.