WILLIAM JOHNSON, Respondent, v. JOHN R. DAILY, Appellant.

Kansas City Court of Appeals, April 19, 1909.

1. ASSAULT AND BATTERY: Self-Defense: Instructions. An instruction allowed plaintiff to recover if the defendant assaulted him unless plaintiff began the attack and the resistance was no more than necessary. Another instruction was to the effect that defendant had the right to assault, if appearances justified him in the belief that plaintiff was about to inflict bodily harm, etc. *Held*, there was no conflict.

2. ————: ————: ————: Burden of Proof: Evidence. *Held*, the evidence justified an instruction that the defendant began the affray, and the rule is that the plaintiff has the burden, yet when he shows the assault, he is not required to go further and prove that it was not made in defense of the assailing person.

3. ————: ————: ————: Measure of Damages: Evidence. *Held*, the evidence warranted a submission of damages for humiliation by reason of the assault and also an instruction that an assailant provoking the difficulty can not invoke self-defense to shield himself in consequence of his wrong.

4. ————: ————: ————: Instruction. An instruction covered in another instruction is properly refused.

5. ————: ————: Evidence. Objections to certain evidence are considered and held properly overruled.

6. ————: Evidence: Verdict. On the evidence the verdict is held not excessive so as to indicate any passion or prejudice

Appeal from Harrison Circuit Court.—*Hon. George W. Wanamaker*, Judge.

AFFIRMED.

*John M. Sallee* and *S. P. Davisson* for appellant.

(1) If these two instructions are not directly in conflict with each other then I fail to understand the meaning of the English language. Our courts have frequently held that when two independent instructions or declarations of the law are directly in conflict, one of them declaring the law correct and the other erroneous, one does not cure the other and the error is a reversible one, since the appellate court cannot tell by which one the jury was guided. Shepherd v. Transit Co., 189 Mo. 373; Flynn v. Bridge Co., 42 Mo. App. 536; A. G. Brown v. Land & Lumber Co., 65 Mo. App. 167. (2) For the error above noted the cause must be reversed and remanded for a new trial and this is true, though one instruction may be correct, the error is not cured by it since no one can tell which one governed the jury. Mansur-Tibbetts Imp. Co. v. Ritchie, 143 Mo. 612; Billups v. Daggs, 38 Mo. App. 369; McKinnon v. Coal & Mining Co., 120 Mo. App. 164. (3) Instruction number 2 is wrong and constitutes reversible error and ought never to have been given. Orscheln v. Scott, 79 Mo. App. 540; Wilkerson v. Eilers, 114 Mo. 252; Ragan v. K. C. Railroad, 144 Mo. 634; Benne v. Miller, 149 Mo. 239; Mather v. Walsh, 121 Mo. 121. (4) This instruction is also erroneous in that it places the burden of proof upon the defendant when in truth and in fact the pleadings settled the burden of proof to be upon the plaintiff and this could not change during the entire trial and the refusal of the defendant's instruction numbered 5 that the burden was upon the plaintiff was simply aggravated by giving instruction numbered 2 on part of the plaintiff. Nicholas v. Wimfrey, 79 Mo. 550; Orscheln v. Scott, 79 Mo. App. 534; Orscheln v. Scott, 90 Mo. App. 367; Mansur-Tibbets Imp. Co. v. Ritchie, 143 Mo. 610; Albert v. Besel, 88 Mo. 153; McCartney v. State Insurance Co., 45 Mo. App. 373; Bunker v. Hibler, 49 Mo. App. 543; Long v. Long, 44 Mo. App. 147; Trust Ex'r.

v. Ambrose, 34 Mo. App. 366; Bank v. Wood, 124 Mo. 77; Edmondson v. Henry, 45 Mo. App. 349; Long v. Long, 44 Mo. App. 141; Marshall Livery Co. v. McKelvy, 55 Mo. App. 242; Heinemann v. Heard, 62 N. Y. 448; Scott v. Wood, 81 Cal. 400; Willett v. Rich, 142 Mass. 356; Powers v. Silberstein, 108 N. Y. 171; Wilder v. Cowels, 100 Mass. 487. (5) Instruction numbered 2 was erroneous for other reasons, especially so in a civil action for homicide. State v. Hickman, 95 Mo. 329; State v. Wingo, 66 Mo. 181; Nicholas v. Winfrey, 79 Mo. 550.

*Barlow & Barlow, J. C. Wilson* and *Wm. H. Leazenby* for respondent.

(1) Self defense is a law of necessity. *It is dernier ressort,* the exercise of an extreme and supreme right, and is not to be enforced except when all other means fail or are apparently likely to fail. State v. Gilmore, 95 Mo. 554; State v. Babor, 95 Mo. 593; State v. Smith, 114 Mo. 421; Orscheln v. Scott, 90 Mo. App. 352; Happy v. Prichard, 111 Mo. App. 6; Brouster v. Fox, 117 Mo. App. 711; Herman v. Comptonhill Imp. Co., 58 Mo. App. 480. (2) Instruction numbered 2 for the respondents is correct under the admissions in appellant's answer. Cahill v. Railroad, 205 Mo. 393; Williams v. Williams, 132 Mo. App. 266. (3) Instruction numbered 3 for the plaintiff under the evidence of the plaintiff as well as of the defendant, is clearly the law, as the appellate court has repeatedly said. The right of self defense does not imply the right of attack, and it will not avail in any case where the defendant voluntarily enters into or brings on the difficulty by any wilful act of his. State v. Hardy, 95 Mo. 457; State v. Gilmore, 95 Mo. 554; State v. Taber, 95 Mo. 593; State v. Feeley, 194 Mo. 300.

ELLISON, J.—This is an action for assault and battery in which plaintiff obtained judgment in the trial court.

The evidence showed much ill-feeling between the parties had existed for a considerable period. They were relatives and neighbors residing in the country in Harrison county. Finally they met in the public road. Defendant in his buggy passed plaintiff who was walking in the road. The buggy wheel brushed against plaintiff and thus started a fight between them resulting in defendant committing the assault with a hammer. Who was the aggressor was a matter of dispute between the parties. As to whether there was any occasion for self-defense on defendant's part was likewise a matter of dispute. Indeed, such was the state of contradictory evidence in the cause, we need not go into any detailed statement of it, since it was all submitted to the jury who found in plaintiff's favor, and since we must abide by that finding it is only cumbering the record to set forth what the evidence was upon which the jury acted.

We will therefore address ourselves to the criticism made of the instructions. One was given for plaintiff wherein it was declared that if defendant violently and wilfully beat and wounded the plaintiff, then the verdict should be for him unless plaintiff first made an attack on defendant and that he resisted such attack by using no more force to repel it than was necessary. Defendant claims that instruction to be in conflict with No. 2 given at his request, wherein the jury were told that if they believed the defendant apprehended that plaintiff was about to do him some great bodily harm and that there was reasonable cause for believing the danger was imminent and that such danger was about to fall upon him, then he had a right to act on appearances and to use such force as seemed necessary to avoid the danger, and he was not required to nicely gauge the amount of force necessary to repel the as-

sault. The first of these directs in plaintiff's behalf that if defendant assaulted and beat plaintiff, then the finding should be for him unless it appeared from the evidence that plaintiff first attacked him and he resisted with no more force than was necessary. Speaking in general terms, the second directs in defendant's behalf, and in keeping with his defense, that though he may have assaulted plaintiff, yet he had a right to make such assault if the appearances justified him in judging from plaintiff's actions that plaintiff was about to inflict great bodily harm upon him. We do not see any such conflict between them, when read together, as would justify us in saying that they would mislead or confuse the jury.

Instruction numbered 2, given for plaintiff, is said to be erroneous in that it states that defendant admits striking the plaintiff. In our opinion the evidence justified the instruction. In view of defendant's statements in his testimony in his own behalf it would be idle to deny that he conceded or admitted striking the plaintiff. It is insisted that the instruction put the burden of proof on the defendant. The rule is that while the plaintiff has the burden of making out his case of assault upon himself, yet when he shows the assault, it is presumed to be unlawful and he is not required to go further and prove that it was not made in defense of the person of his assailant. That is an excuse or justification for the assault which must be proved by the party who offers it. In Orscheln v. Scott, 90 Mo. App. 352, we reviewed the decisions of the Supreme Court, as well as other authorities on this question, and need do no more than refer to that case.

Objection is urged against the propriety of instruction Nos. 3 and 5, given for the plaintiff. The latter permitted as a part of the measure of damages humiliation and disgrace if suffered by plaintiff by reason of the assault. The evidence justified the instruction and the

objection is not well taken. The former submitted the hypothesis of defendant bringing on and provoking the difficulty, in which case he could not invoke the right of self-defense to shield himself from the consequence of his own wrong. The entire evidence considered, and reasonable inferences to be drawn from much of it abundantly justified the instruction. It is true, as said in State v. Walker, 196 Mo. 73, "it is error for the trial court to frit away the right of self-defense by inviting the jury to enter the field of conjecture," but the record here does not present such a case.

There is no just ground to complain of the refusal of defendant's instruction numbered 7. It was substantially embodied in No. 2, given for him.

Finally there is a statement in a very general way that "the court erred in admitting incompetent, irrelevant, immaterial and illegal evidence on the part of the plaintiff over the objection of defendant, and in rejecting material, competent and legal evidence offered on the part of the defendant." There is then set out near five pages of evidence. Much of this related to some difficulty between the parties several years prior to this. Some of it tended to inquire into the merits of ill-feeling between one or more witnesses and one of the parties. Some of the objections were extremely technical. It may, however, be safely said that no ruling in the particulars objected to, materially affected defendant's rights; nor do we see that they were in any way prejudicial to the merits of the controversy. Especially is this true in view of the reasons given by the court accompanying several of the rulings made.

We do not feel that we would be justified in condemning the verdict as being excessive. The jury believing the case to exist as presented by the evidence in plaintiff's behalf, we cannot say that the amount of the verdict will allow its being declared to be the result of passion and prejudice.

A careful examination of the entire record has failed to disclose any substantial error materially affecting the merits of the case, and the judgment must therefore be affirmed. All concur.