Ruth WHALEN, Plaintiff-Appellant,

v.

ST. LOUIS PUBLIC SERVICE COMPANY, a corporation, Defendant-Respondent.

No. 30708.

St. Louis Court of Appeals.

Missouri.

Nov. 21, 1961.

 

Samuel A. Goldblatt, William L. Mason, Jr., St. Louis, for appellant.

William Corrigan, St. Louis, for respondent.

BRADY, Commissioner.

The appellant, hereinafter referred to as plaintiff, brought this action against the respondent, hereinafter referred to as the defendant, for personal injuries which she averred she sustained when water and sand on the steps and around the fare box of defendant's streetcar caused her to fall. This appeal followed the trial court's action in sustaining the defendant's alternative motion for a new trial.

The plaintiff pleaded that the defendant was negligent in causing, allowing, or permitting the entrance steps and aisle of the car to " * * * have upon them mud, water and sand, to such extent that said surfaces were unduly, unreasonably and dangerously slick and slippery and not reasonably safe for the use of defendant's passengers, * * *." Plaintiff testified in her own behalf and also offered the testimony of the witness Dickens. Plaintiff's testimony was that the day of the occurrence was clear and dry; that as she boarded the streetcar with her left foot still on the pavement and her right foot on the step, she saw sand and water on the step and the aisle around the fare box; that she stepped up with her left foot to the step, holding on to the rail, and then with her right foot to the platform; that when she did so she felt " * * * something under my foot, gravel and water" and she slipped and fell forward to her knees, striking the right side of her head on the rail that is directly behind the motorman. Plaintiff further testified that the streetcar shed was about two or three blocks south of where she boarded the car, although on cross-examination she stated she did not " * * * remember saying a car shed" and did not know if there was a garage or anything like that there, and that the floor of the streetcar was covered with a "black mat."

Dickens' testimony was that about two or three blocks away from where he boarded the streetcar is a streetcar shed at the start of the loop of the Jefferson streetcar line; that when he boarded the streetcar, one block before the plaintiff boarded it, he looked at the floor which was covered with a "black carpet" and noticed the floor was wet and had sand on it as if someone had been sweeping; that he took the seat behind the motorman on the left side of the car, and that he saw the plaintiff fall. On cross-examination, this witness was cross-examined extensively concerning a prior statement he had given. This signed statement differed from his testimony at the trial in that it appeared therein that he had stated that he and the plaintiff got on the car together, that he saw plaintiff fall backward after she had paid her fare; and caught herself by grabbing the back of a seat, never falling to the floor; that he didn't pay any attention to the steps when he got on the car; and that he sat in the third or fourth seat on the right. The witness testified at the trial that the person taking the statement had not written down what he (Dickens) told him, although he identified his signature thereon, and signed beneath the words, "This statement is true" thereon. This was plaintiff's case.

The defendant put on the motorman's son, who explained his father's failure to appear by testifying that the motorman had suffered a stroke with resulting paralysis on his left side and speech impairment. The motorman's deposition was read into evidence, and the pertinent evidence therefrom was that he was the motorman on this streetcar on the day of the occurrence, that there was no sweeping out of the streetcar or cleaning it at the south end which he had just left before this occurrence; that there was no water or other material on the landing which was clear as were the steps; that the plaintiff " * * * didn't get a good footing on the steps and her foot slipped off and she hit her leg against the step"; that she did not fall; that plaintiff told him she hurt her leg; and that her

head did not strike anything. Defendant's other evidence was given by the witness Hill, who took the statement of Dickens. He testified that he took the statement by asking questions and taking down the answers; that, in response to his request, Dickens appeared to read the statement and signed at the bottom of each page and that the statement was true; and that Dickens deleted a statement from what he had written and signed his name to the deletion. He was asked specifically about the statements which were at variance with Dickens' trial testimony, and answered that each was in the statement. On cross-examination, he was asked whether or not it was his work to take statements and investigate claims and stated that it was; that he wrote the statement except for the signature and that it was put down as Dickens gave it to him.

The defendant presented motions for a directed verdict at the close of plaintiff's case and at the close of all the evidence, which are almost identical and which were overruled by the trial court. Insofar as these motions are here concerned, they presented the contention that plaintiff failed to make a submissible case. While there is no assignment of error dealing with the instructions, the theory of plaintiff's submission is of importance to this appeal. Plaintiff's verdict directing instruction was Instruction No. 1, which hypothesized certain preliminary facts and then contained the following submission:

"* * * that there was a mixture of sand and water on the floor of said car near said farebox; that by reason of the presence of said mixture, the said floor at said place was unduly, unreasonably and dangerously slick and slippery; that by reason of such slick and slippery condition, the floor there was nor (sic) reasonably safe for people to step upon it at said place; that defendant, through its agents and servants, knew, or by the exercise of the highest degree of care could have known, of the existence of said unsafe

condition for a sufficient length of time before Ruth Whalen got on that car to have remedied said unsafe condition by the exercise of the highest degree of care to make the floor there reasonably safe before Ruth Whalen got on that car; that defendant was thereby negligent; that Ruth Whalen stepped in and on said mixture; that she fell; that her said fall was directly caused by such unsafe condition and by such negligence of the defendant; * * *."

The jury returned a verdict for plaintiff in the amount of $2,750. The defendant filed a lengthy motion for a new trial which assigned as grounds therefor, among others, that the verdict was against the weight of the evidence, that the plaintiff had failed to make a submissible case, and

"13. That a fraud or deceit was practiced by the plaintiff on this defendant by the testimony of plaintiff or witness.

"14. That a mistake has been commited (sic) by plaintiff or witness, or there has been perjury committed by plaintiff or witness."

The trial court overruled the motion for a directed verdict, and sustained the motion for a new trial for the specific reason that the verdict was against the weight of the evidence, thereby overruling the other grounds presented, Loveless v. Locke Distributing Co., Mo., 313 S.W.2d 24, and cases cited at [11, 12], local citation page 32. The Loveless case is also of importance on the question of the grounds for new trial stated in paragraphs 13 and 14 of the motion therefor which are not before us on this appeal. The trial court's order reads,

"Verdict and judgment in favor of plaintiff and against defendant is hereby set aside, vacated and for naught held. Cause ordered reinstated on docket for new trial and further proceedings."

Although the trial court did not in any way limit the new trial it granted, counsel, it is stated in the briefs and in the transcript, agreed not to include in the transcript plaintiff's or defendant's medical testimony.

■ Plaintiff contends that the trial court abused its discretion in granting the defendant a new trial on the grounds that the verdict was against the weight of the evidence. The respondent disputes this contention, and in addition suggests that plaintiff failed to make a submissible case, and therefore the trial court should have sustained the defendant's after trial motion for judgment in accordance with its motion for directed verdict for the reason that the plaintiff failed to prove " * * * that the alleged unsafe condition existed prior to plaintiff's fall", and also for the reason that plaintiff was guilty of contributory negligence as a matter of law for failing to see what respondent contends, if it existed at all, was an obvious condition. Since the defendant's contentions as to plaintiff's failure to make a submissible case were duly preserved in the trial court, it is entitled to have this matter considered even though it filed no appeal. Wilhelm v. Haemmerle, Mo., 262 S.W.2d 609[2] at loc. cit. page 611. Since this matter is fundamental and decisive in the case, we will first consider it. In doing so, we are constrained to view the evidence in the light most favorable to the plaintiff, giving her the benefit of all reasonable inferences therefrom not in conflict with her theory. However, we need only consider the negligence submitted to the jury by plaintiff's instructions, Thaller v. Skinner & Kennedy, Mo., 315 S.W.2d 124.

■ In considering the defendant's contention that a submissible case was not made due to plaintiff's failure to prove that the alleged unsafe condition existed prior to her fall but it should be noted as defendant admits in its brief " * * * plaintiff did not submit her case on the theory that defendant created the unsafe condition; but, rather, on the theory that defendant

had, or should have had, knowledge of its existence in time to have remedied it." Defendant then states that "Without his (Dickens') testimony plaintiff has not shown scienter." Dickens' testimony at the trial was that he saw sand and water on the floor when he boarded the bus a block or so before plaintiff boarded it, and the permissible inference from his description of the sand and water, the extent of it, and the time he saw it, was that the motorman should have seen it and had time to do something about it. Actually, defendant tacitly admits that with this testimony plaintiff made a submissible case under the theory she submitted in her verdict directing instruction. Defendant, however, urges that Dickens' testimony must be disregarded for the reason that the defendant presented evidence on its motion for new trial, a somewhat unusual procedure, and upon taking the stand on that proceeding Dickens said he did not notice any water or sand before plaintiff got on the streetcar. Dickens then said the sand and water was there but that he only noticed it after the occurrence. Defendant urges that, "Such testimony on the Motion for New Trial destroys the probative value of the party's trial testimony." We can not agree. What is before this court is the question of whether or not plaintiff made a submissible case and that question must be determined in the light of the evidence presented at the trial, that heard by the triers of the facts. Insofar as that testimony is concerned, even as defendant tacitly admits, the testimony of the witness Dickens and the reasonable inferences to be drawn therefrom established that element which defendant now contends is missing from the plaintiff's case to the extent of allowing submission of its existence to the jury.

Defendant also contends that since plaintiff stated in her deposition that her "foot stuck" she is bound by this testimony which is contradictory to her statements at the trial that her foot slipped. There are several answers to this contention. The first is that at the trial when asked about her foot being "stuck" the effect of her testimony was that while she used that word she also stated " * * * there was something that was rolling * * *" or " * * * slipping or something under * * *" her foot, and if this is contradictory to her testimony on deposition it merely goes to her credibility. Another answer is that both the plaintiff and Dickens testified she slipped, and the fact that in her deposition plaintiff also stated that her foot was stuck, in view of her explanation as given at the trial of what she meant by the use of that term, would not cancel out the evidence of slipping which supported the submission made.

The defendant's contention that the plaintiff was contributorily negligent as a matter of law is based upon plaintiff's actions in going ahead up into the car after she saw the water and sand on the steps and platform of the car before she was fully on the car. The defendant contends that, quoting from its brief:

" * * * If she saw the condition it would have accomplished no purpose to warn her of it, and it would only be defendant's duty to warn of an unsafe condition if she did not know about the condition. See the cases of Heine v. [John] W. R. Thompson Co., [Mo.] 330 S.W.2d 867; Smith v. Alaskan Fur Co., [Mo.] 325 S.W.2d [740] 739."

Plaintiff did not submit upon failure to warn. Moreover, the rule that has developed in landlord and tenant, and business invitee cases, see Roman v. King, 289 Mo. 641, 233 S.W. 161, 25 A.L.R. 1263; O'Neill v. Sherrill, Mo.App., 254 S.W.2d 263, is applicable here. Unless the defect was of such an inherent or glaringly dangerous character that no reasonable person would proceed, the plaintiff cannot be held contributorily negligent as a matter of law. Here, there was sand and water upon a "black carpet" or "black mat", the car was standing still when she boarded, the day was dry and nothing had previously occurred to warn her of the danger of slipping.

Under these circumstances the plaintiff was not contributorily negligent as a matter of law..

■ We pass now to plaintiff's contention that the trial court abused its discretion in granting the defendant a new trial on the grounds that the verdict was against the weight of the evidence. In the case of City of St. Charles v. De Sherlia, Mo.App., 308 S.W.2d 456, at loc. cit. page 459[1], this court held:

"It is within the trial court's discretion to grant one new trial upon the ground that the verdict is against the weight of the evidence. Section 510.-330 RSMo 1949, V.A.M.S. Such an order will not be interfered with absent · an abuse of discretion. Woods v. Ogden, Mo.Sup., 102 S.W.2d 648; Lindsey v. Vance, 337 Mo. 1111, 88 S.W.2d 150; Stegner v. Missouri-Kansas-Texas R. Co., 333 Mo. 1182, 64 S.W.2d 691; Westinghouse Electric Supply Co. v. Binger, Mo.App., 212 S.W.2d 445. There is no abuse of discretion where it appears that substantial evidence was introduced upon which a jury could have reasonably arrived at a verdict contrary to the one returned. Westinghouse Electric Supply Co. v. Binger, Mo.App., 212 S.W.2d 445; Geiger v. City of St. Joseph, Mo.App., 198 S.W. 78; Leavel v. Johnston, 209 Mo.App. 197, 232 S.W. 1064."

As was stated in Andres v. Brown, Mo., 300 S.W.2d 800, at local citation page 801:

"* * * and where a new trial on such ground is granted the appellate court reviews the record to ascertain only if there was substantial evidence to warrant a verdict for the party in whose behalf the motion was sustained. Albert J. Hoppe, Inc., v. St. Louis Public Service Co., Mo., 235 S.W.2d 347, 349; Dawson v. Scherff, Mo., 281 S.W. 2d 825, 831; Liddle v. Collins Construction Co., Mo., 283 S.W.2d 474, 477."

In determining whether or not· there was substantial evidence to warrant a verdict for the defendant, who in this case is the party in whose favor the motion for new trial was granted, this court will review all the evidence in the light most favorable to defendant, giving it the benefit of all reasonable inferences therefrom not in conflict with its theory, City of St. Charles v. De Sherlia, supra; Burnett v. St. Louis Public Service Company, Mo., 337 S.W.2d 921 at local citation page 923 [2–4].

■ The plaintiff's argument is that in the instant case, the defendant's evidence being given by deposition, there was nothing in the trial' that could have 'justified the exercise of the trial court's discretion to conclude that the weight of the evidence was against the verdict. We cannot agree. It has been said that the right of the trial judge in his discretion to grant one new trial on the ground that the verdict is against the weight of the evidence is an inherent right, Albert J. Hoppe, Inc. v. St. Louis Public Service Co., Mo., 235 S.W.2d 347; Dawson v. Scherff, Mo., 281 S.W.2d 825; and is an exercise of the court's power to weigh the evidence, Mitchell v. Pla-Mor, Inc., Mo., 237 S.W.2d 189. In weighing the evidence, more is involved than merely the appearance and demeanor of the parties and witnesses upon the stand. The exercise of the trial court's power to weigh the evidence also includes the question of whether or not he finds it at all believable or worthy of probative value. It is obvious that the testimony of the defendant's motorman, if believed, would certainly warrant a verdict for the defendant in whose favor the motion for new trial was ruled. Accordingly, the judgment should be affirmed and the cause remanded to the trial court. The Commissioner so recommends.

PER CURIAM.

The foregoing opinion of BRADY, C., is adopted as the opinion of the court. The judgment of the circuit court is, according-

ly, affirmed, and the cause is remanded to the circuit court for new trial.

ANDERSON, P. J., RUDDY, J., and JOHN J. KELLY, Jr., Special Judge, concur.

WOLFE, J., not participating.