William Riley HILL et al., Respondents,

v.

Wayne SPARKS, Appellant.

No. KCD 27254.

Missouri Court of Appeals, Kansas City District.

Dec. 27, 1976.

Motion for Rehearing and/or Transfer Denied Jan. 31, 1977.

Don B. Roberson, Kansas City, for appellant.

Joseph E. Stevens, Jr., William C. Hopkins, II, Kansas City, for respondents.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

ROBERT R. WELBORN, Special Judge.

Action for damages for wrongful death. Patricia Hill was killed when run over by an earth moving machine operated by her brother, Wayne Sparks. The accident occurred during a field demonstration of heavy construction machinery held by Liberty Equipment Company. The decedent was survived by her husband and three minor children, who brought this action against Liberty Equipment and Sparks. Prior to trial, plaintiffs settled their claim against Liberty Equipment for $17,500.00. Trial of the claim against Sparks resulted in a verdict for defendant. The trial court sustained plaintiffs' motion for a new trial on the grounds that the verdict was against the weight of the evidence. Defendant has appealed from that order.

On July 24, 1971, Liberty Equipment Company, newly in the heavy construction machinery sales business, held a field demonstration of such equipment on a tract of land on I–35 outside of Liberty on which it was planning to build a building. The tract was an eight-acre tract, running generally uphill from the highway. Numerous items of heavy machinery were displayed and persons interested in them were permitted to operate them on the demonstration tract.

Among the machines displayed was an International Harvester E–200 Pay Scraper, a large rubber-tired vehicle which weighed some 14 tons empty and carried a load of from 11 to 16 tons of soil or other materials. The operator's seat and the steering wheel for the machine were located on the forward part, between a fuel tank and a hydraulic tank. Controls for operation of the elevator which carries dirt or other materials to the bowl and for the bowl itself were located to the right and to the rear of the driver's seat. On the left side of the machine were two steps, providing access to the operator's seat. Above the steps were two hand holds, used in ascending or descending the steps to and from the operator's cockpit. Because the machine operated on large rubber-tired wheels, it tended to bounce when operated over rough terrain, a characteristic which was increas-

ingly significant as the speed of the vehicle increased. The E–200 scraper had two axles which accentuated the unevenness of the terrain over which it operated. It was considerably faster than a crawler tractor.

The demonstration had also been held the day before July 24. As a result, on that date, the ground in the area was quite rough and disturbed from the use of various pieces of earth moving machinery.

William Riley Hill, the husband of Patricia, was in the earth moving business. He was interested in the purchase of a machine such as the E–200. He and his wife and their children went to the field demonstration, arriving at around 10:30 A.M. Patricia was familiar with earth moving machinery and had operated many such machines, such as graders, crawler tractors and bulldozers. She had not operated a pay scraper before around 3:00 P.M. on July 24 when she took over the E–200. With her brother, appellant Sparks, as an instructor and passenger, she drove the machine up the hill, loading the bowl with dirt. According to Sparks, he sat or crouched on the hydraulic tank. Other witnesses said he stood on the ladder, holding to the handrail.

After a short trip, Patricia stopped the machine and told Sparks "I'm afraid of this machine." Sparks took over the wheel and sat in the operator's seat. He told his sister to stand on the ladder and she did so. The machine started back down the hill, gathering speed as it did so. Sparks turned to the right to operate the controls by which the contents of the bowl were dumped. The machine began bouncing as it ran down the hill. The left front wheel struck a mound of dirt about 1½ feet high. The machine rose and Patricia was thrown forward like a projectile to the ground, immediately in front of the left front wheel. Sparks, out of the corner of his eye, saw his sister fall but could not stop the machine before it ran over her, resulting in almost immediate death.

Plaintiffs' claim was submitted on primary and humanitarian negligence. The charges of primary negligence submitted to the jury were:

1. Operating the machine at an excessive and dangerous rate of speed under the existing circumstances.

2. Instructing the decedent to ride on the machine in a dangerous and perilous manner under the existing circumstances.

3. Failing to warn decedent as to the dangers inherent in riding as a passenger on the machine.

4. Failing to keep a careful lookout for the health, safety and welfare of decedent as she was riding on the side ladder of the machine.

Defendant submitted contributory negligence on the part of the decedent in riding on the machine "in an improper manner."

After a jury verdict for defendant, the trial court sustained plaintiffs' motion for new trial on the grounds that the verdict was against the weight of the evidence.

On his appeal from that order, appellant first contends that there was no evidence from which the jury could find that he was negligent in failing to warn the decedent of the perils of riding on the side ladder of the machine because the danger in riding there was obvious, giving rise to no duty to warn. Further, that if riding on the ladder exposed the decedent to unreasonable risk of harm, the danger was equally obvious to her and mandates the conclusion that she was guilty of contributory negligence as a matter of law.

■ Insofar as the charge of negligence is concerned, the question on review in this court is whether there was substantial evidence which might have supported a verdict for plaintiffs. If there was, there can have been no abuse of discretion on the part of the trial court in granting the new trial on the basis stated. *Robinson v. Wampler*, 389 S.W.2d 757, 759[2, 3] (Mo.1965).

Appellant contends that there was no submissible case of negligence in failing to warn the decedent of the inherent danger of riding the side ladder of the scraper or in instructing decedent to ride there under the existing circumstances because the evidence showed that the danger inherent in so rid-

ing was open and obvious, giving rise to no duty to warn, and that in so riding the decedent was guilty of contributory negligence as a matter of law.

In the support of his first argument, appellant relies upon landowners' liability cases, such as *McClure v. Koch*, 433 S.W.2d 589 (Mo.App.1968); *Hurst v. Chase Hotel, Inc.*, 421 S.W.2d 532 (Mo.App.1967), and *Ecker v. Big Bend Bank*, 407 S.W.2d 45 (Mo.App.1966). In those cases, the courts recognized that the liability of the landowner was based upon his "superior knowledge of an unreasonable risk of harm of which the invitee, in the exercise of ordinary care, does not or should not know." *McClure v. Koch*, supra, at 593. As pointed out in *Ballew v. Schlotzhauer*, 492 S.W.2d 774, 777 (Mo.1973), those cases involved injuries "due to some claimed unsafe static condition on certain premises" when there was no duty to warn because the danger was as open and obvious to plaintiff as to the defendant.

In this case, the claimed unsafe condition was not a static one but one which arose by reason of the operation of the machine and involved, among other things, the speed of its operation and the terrain upon which it was operating. Appellant, as an operator with several seasons experience with earth scrapers, was familiar with the propensities of such machines. " * * * [T]his is the roughest machine there is * * *." He had heard decedent's husband, upon observing a boy riding on the scraper ladder during the demonstration, tell a Liberty Equipment employee to get the boy off the scraper because if he fell he would fall right under the wheel. Despite his knowledge and experience, appellant directed his sister to ride as a passenger on the ladder while he operated the machine.

Appellant points to evidence that the decedent was familiar with earth moving equipment and had been around it practically all of her life. However, there was no evidence of her familiarity with machinery of the type here involved other than her brief operation of the machine under appellant's direction.

"The standard of the reasonable man requires only a minimum of attention, perception, memory, knowledge, intelligence, and judgment in order to recognize the existence of the risk. If the actor has in fact more than the minimum of these qualities, he is required to exercise the superior qualities that he has in a manner reasonable under the circumstances." 2 Restatement of Torts (2d), § 289, pp. 45–46 (1965).

■ The evidence in the case presented an issue submissible to the jury of whether or not, in failing to warn the decedent, and instructing her to ride on the ladder, the appellant met the requisite standard of care.

■ Appellant's contention that the danger to which decedent was exposed was so open and obvious as not to require warning or alternatively, as to cause her to be guilty of contributory negligence as a matter of law is rejected. The danger arose by reason of the operating characteristics of the machine. It was for the jury to determine whether, in the light of her knowledge and experience with such machines, the decedent exercised due care.

In the case of *Ballew v. Schlotzhauer*, 492 S.W.2d 774 (Mo.1973), and *Lynch v. Hill*, 443 S.W.2d 812 (Mo.1969), cited and relied upon by appellant in support of his contributory negligence as a matter of law argument, the court held plaintiff not guilty of negligence as a matter of law. In the third case cited by appellant, *Smith v. Ozark Water Mills Co.*, 215 Mo.App. 129, 238 S.W. 573 (1922), the court did say that a person riding on the fender of an automobile was guilty of contributory negligence as a matter of law where he did so in these circumstances (238 S.W. at 575):

" * * * standing on the running board of an automobile which was traveling up a dark road, on which the lights of the machine on which he was traveling could not, owing to the curve in the road, shine and throw light, traveling at a rate of 25 to 30 miles an hour, and being on the outside or curve side of the road, and on the wrong side, when there was a seat in the automo-

bile where passengers riding in automobiles are supposed to be, and which had been offered to him * * *."

(This recital omitted the additional fact that the plaintiff, while riding on the running board, "held a possum out in his left hand which he was taking home * * *." 238 S.W. at 574.)

The distinction between the circumstances of that case and the present one is obvious.

Having concluded that a submissible case was made, there is no necessity to consider the submissibility of the other charges of primary negligence or humanitarian negligence. *Robinson v. Wampler*, supra, at 762[6, 7]. Appellant suggests that such questions should be answered in order to avoid the possibility of a third trial. Obviously, such possibility cannot be precluded, even if such questions were now answered.

Appellant's next argument is premised upon the assumption that, because the trial court sustained respondents' motion for new trial on the single ground that the verdict was against the weight of the evidence, it thereby overruled the assigned ground that defendant's contributory negligence instruction lacked evidentiary support. Appellant contends that, by overruling that assignment, the trial court found that there was substantial evidence of contributory negligence which precludes the grant of a new trial on the stated ground since the jury could find for defendant on that issue on less than the weight of the credible evidence.

■ The discretionary nature of the authority given the trial court to grant one new trial on the grounds that the verdict is against the weight of the evidence is well established. Rule 78.01. *Clark v. Quality Dairy Company*, 400 S.W.2d 78 (Mo.1966). The grant of a new trial on such grounds is reviewable for abuse of discretion, which may be found only when the party benefited failed to make a submissible case. *Overbey v. Fodde*, 420 S.W.2d 510, 511[2] (Mo. 1967).

The fact that an issue of contributory negligence was raised does not alter the discretionary nature of the trial court's ruling. The trial court did not conclude, either in response to defendant's motion for a directed verdict or to plaintiffs' after-trial motion, that the issue of contributory negligence should be disposed of as a matter of law.

■ Review here has led to the conclusion that contributory negligence is not to be attributed to the decedent as a matter of law. A submissible case having been made, the presence of a factual issue as to the decedent's contributory negligence does not render the trial court's action an abuse of discretion. The fact that evidence on the contributory negligence issue came largely from plaintiffs' witnesses does not affect the right of the trial court to exercise the discretionary authority granted it. *Whalen v. St. Louis Public Service Company*, 351 S.W.2d 788, 793[8, 9] (Mo.App.1961).

Order affirmed and cause remanded for new trial.

All concur.